UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
**CENTRAL DIVISION AT LEXINGTON**

HAROLD LEE CLEMENT,                )
                                   )
        Plaintiff,                 )
                                   )       Civil Case No.
v.                                 )       16-cv-391-JMH
                                   )
COMMISSIONER OF SOCIAL             )
SECURITY,                          )
                                   )       **MEMORANDUM OPINION & ORDER**
        Defendant.                 )
                                   )

                              ***

     This matter is before the Court on the parties' cross-
Motions for Summary Judgment (DE 10, 12) on Plaintiff's appeal
of the Commissioner's denial of an application for disability
insurance benefits.[1]  The matter having been fully briefed by the
parties is now ripe for this Court's review.

                              **I.**

     Plaintiff applied for disability insurance benefits (DIB)
and supplemental security income (SSI) under Titles II and XVI
of the Social Security Act (Act), alleging he became disabled on
January 1, 2006 (later amended to December 17, 2010) (Certified
Administrative Transcript (Tr.) 40-41, 80, 396, 403). After an
ALJ denied Plaintiff's applications, the agency's Appeals
Council remanded to the ALJ for additional proceedings (Tr. 208-

---

[1]     These are not traditional Rule 56 motions for summary judgment. Rather,
it is a procedural device by which the parties bring the administrative
record before the Court.

16, 222-25). On remand, ALJ Ronald Kayser again found that Plaintiff had failed to establish disability under the Act (Tr. 21-30). The agency's Appeals Council denied Plaintiff's request that it review the second ALJ decision, rendering it the Commissioner's final decision for judicial review (Tr. 1-4). *See* 20 C.F.R. § 404.981.

Plaintiff's appeal presents a narrow legal question concerning due process rights at the hearing before the ALJ and, by extension, in the subsequent administrative process. The April 2015 notice about Plaintiff's June 2015 administrative hearing indicated that a vocational expert would testify at the hearing (Tr. 372, 378, 386). It did not indicate that a medical expert would testify (*see* Tr. 369-87). At the start of the June 2015 administrative hearing, Plaintiff's attorney stated that he wanted the hearing to go ahead, but that he had been unaware that a medical expert was testifying (Tr. 81). Counsel stated that he "was not objecting" to the medical expert (Tr. 81). Medical expert Peter Schosheim, M.D., testified that he was a Board certified orthopedic surgeon (Tr. 84; *see* Tr. 862-65). Dr. Schosheim testified that Plaintiff had problems secondary to his morbid obesity, including diabetes, peripheral neuropathy, and low back pain (Tr. 85). He did not, however, believe that Plaintiff's conditions met or medically equaled a *per se* disabling listed impairment (Tr. 85). He disagreed with the

opinion of Plaintiff's treating nurse about the extent of
Plaintiff's functional limitations (Tr. 85-86). He opined that
Plaintiff could lift, carry, push, and pull 20 pounds
occasionally and 10 pounds frequently; stand and/or walk two
hours in a workday; sit six hours in a workday; never climb
ladders, ropes, or scaffolds; occasionally climb ramps and
stairs, balance, kneel, crouch, crawl, and stoop; and would need
to avoid concentrated exposure to vibrations and all exposure to
hazardous machinery and unprotected heights (Tr. 87-88).

Plaintiff's attorney examined Dr. Schosheim extensively
about the basis for his opinions (Tr. 89-97). He indicated that
he had no further questions for Dr. Schosheim at the end of his
questioning (*see* Tr. 97). At the end of the hearing, Plaintiff's
attorney reiterated that he did not have notice that there would
be a medical expert at the hearing (Tr. 105). The ALJ asked
counsel if he would like a continuance, and counsel did not
believe that would serve any purpose (Tr. 105-106). The ALJ
asked counsel whether it would have made any difference if a
notice of the medical expert's testimony had been sent out, as
counsel was "a very skilled cross examiner" (Tr. 106). Counsel
thanked the ALJ and noted that he "tried to be prepared" (Tr.
106).

Ultimately, after considering the entire record, the ALJ
issued a decision finding that Plaintiff had failed to establish

his entitlement to disability benefits under the agency's five-step sequential evaluation process (Tr. 24-30). *See generally* 20 C.F.R. § 404.1520(a)(4) (outlining the process). As relevant here, the ALJ found that Plaintiff had several impairments that were "severe" within the meaning of the agency's regulations, but that such impairments did not meet or medically equal a per se disabling listed impairment (Tr. 24-27). The ALJ found that Plaintiff retained the residual functional capacity (RFC) to perform a range of sedentary-to-light work (Tr. 27). Relying on a vocational expert's testimony, the ALJ found that this RFC would preclude Plaintiff's past relevant work, but would allow him to perform work existing in significant numbers in the national economy (Tr. 28-30; *see* Tr. 111-13). The ALJ thus concluded at step five that Plaintiff had failed to meet the strict standard to establish disability under the Act (Tr. 30).

## II.

The Court's review of the Commissioner's decision is limited to an inquiry into whether the findings of the Commissioner are supported by substantial evidence, and whether the correct legal standards were applied. *See* 42 U.S.C. § 405(g); *Richardson v. Perales*, 402 U.S. 389, 390, 401 (1971). "The substantial evidence standard is met if a reasonable mind might accept the relevant evidence as adequate to support a conclusion." *Longworth v. Comm'r of Soc. Sec.*, 402 F.3d 591, 595

(6th Cir. 2005) (internal citations omitted). A court may not try the case de novo, resolve conflicts in the evidence, or decide questions of credibility. *See Ulman v. Comm'r of Soc. Sec.*, 693 F.3d 709, 713 (6th Cir. 2012). Even if the Court were to resolve the factual issues differently, the Commissioner's decision must stand if supported by substantial evidence. *See Tyra of Health & Human Servs.*, 896 F.2d 1024, 1028 (6th Cir. 1990). Similarly, an administrative decision is not subject to reversal even if substantial evidence would have supported the opposite conclusion. *See Ulman*, 693 F.3d at 714.

**III.**

The Social Security Administration's Hearings, Appeals, and Litigation Law Manual (HALLEX) provides "guiding principles, procedural guidance and information to adjudicators and staff of the Office of Hearings and Appeals." *Bowie v. Comm'r of Soc. Sec.*, 539 F.3d 395, 397 (6th Cir. 2008) (internal quotation marks omitted). Relevant to the case before this Court, the HALLEX provides for notification of the claimant and his representative if an ALJ intends to take testimony from a medical expert. HALLEX I-2-5-36(C), 1994 WL 637371; *see also* HALLEX I-2-3-15(D), 1993 WL 642999 (the notice of hearing must include "[a] statement of whether . . . other witness(es) will appear at the hearing in-person, via [video teleconferencing], or by telephone"). Plaintiff asserts that when the ALJ failed

to provide notice that a medical expert would testify at the hearing in violation of the HALLEX, the omission resulted in a *per se* violation of his due process rights to a full and fair hearing (*see generally* ECF No. 10-1, Memorandum in Support of Plaintiff's Motion for Summary Judgment (Pl. Br.)). However, while "[i]t is well established that due process requires that a social security hearing be 'full and fair,'" *Flatford v. Chater*, 93 F.3d 1296, 1305 (6th Cir. 1996) (citing *Richardson v. Perales*, 402 U.S. 389, 401-02 (1971)), and while the circuits are split over whether the HALLEX creates enforceable rights, "no circuit has held that the HALLEX creates *constitutional* rights because, of course, only the Constitution, not an agency's rules or procedures, is the source of such rights." *Davenport v. Astrue*, 417 F. App'x 544, 547-48 (7th Cir. 2011) (citations omitted). Further, courts in this district have held that "the HALLEX procedures are not binding on this Court, and do not create procedural due process rights." *Lawrence v. Colvin*, No. CIV.A. 3:13-032-DCR, 2014 WL 640990, at *4 (E.D. Ky. Feb. 18, 2014) (citations omitted); *accord Kendall v. Astrue*, No. CIV.A.09-239-GWU, 2010 WL 1994912, at *4 (E.D. Ky. May 19, 2010) (citing *Wilson v. Comm'r of Social Security*, 378 F.3d 541 (6th Cir. 2004)) ("HALLEX does not create a procedural due process issue as do the Commissioner's regulations in the Code of Federal Regulations.").

Accordingly, the Court agrees with the United States that it must look to Plaintiff's private interest "in a fair determination of his qualification (or lack thereof) for social security disability benefits and a meaningful opportunity to present [his] case." *Adams v. Massanari*, 55 F. App'x 279, 286 (6th Cir. 2003) (unpublished) (quoting *Flatford*, 93 F.3d at 1306). Thus, the "court's analysis focuses on step two of the 'full and fair' hearing test—the risk of erroneous deprivation of [Plaintiff's] interest through the procedure used by the ALJ, and the probable value, if any, of additional or substitute procedural safeguards." *Adams*, 55 F. App'x at 286. "[A]n agency's violation of its procedural rules will not result in reversible error absent a showing that the claimant has been prejudiced on the merits *or deprived of substantial rights because of the agency's procedural lapses*." *Wilson*, 378 F.3d at 546-47 (internal quotations omitted) (emphasis in original). "Thus, plaintiff must show that failure to strictly comply with HALLEX 'prejudiced [him] on the merits or deprived [him] of substantial rights because of the agency's procedural lapses.'" *Robinson v. Colvin*, No. 13-14313, 2015 WL 12711578, at *9 (E.D. Mich. July 14, 2015) (citing *Caudill v. Astrue*, 2010 WL 148806, at *4 (E.D. Ky. 2010) ("[I]n the absence of a definitive ruling from the Sixth Circuit, the Court declines to find that a failure to follow the exact procedures in HALLEX requires

reversal absent a convincing showing of prejudice to the plaintiff."); *Kalen v. Astrue*, 2011 WL 1793361, at *3-4 (E.D. Ky. 2011) (unpublished) ("[A] violation of HALLEX is not grounds for a remand unless the plaintiff was prejudiced thereby."))).

A basic premise of the Social Security disability hearing process is that it is nonadversarial. *Sims v. Apfel*, 530 U.S. 103, 110-11 (2000) ("Social Security proceedings are inquisitorial rather than adversarial."). "It is the ALJ's duty to investigate the facts and develop the arguments both for and against granting benefits. . . ." *Id.* at 111 (citing *Perales*, 402 U.S. at 400-401). As part of the hearing process, ALJs "may . . . ask for and consider opinions from medical experts on the nature and severity of [a claimant's] impairment(s) and on whether [his] impairment(s) equals the requirements of" a per se disabling listed impairment. 20 C.F.R. § 404.1527(e)(2)(iii). Medical experts are used by the agency to provide an "impartial expert opinion." HALLEX I-2-5-32(A), 1994 WL 637369. An ALJ may not use a medical expert who has treated the claimant in the past or examined the claimant on a consultative basis. HALLEX I-2-5-32(B), 1994 WL 637369. Nor may an ALJ engage in off-the-record discussions with the medical expert about a claimant's case. *Id.*

Furthermore, when an ALJ determines that the testimony of a medical expert would be beneficial in a case, the sole

information that the HALLEX requires the hearing office provide to the claimant and his representative is the medical expert's identity. *See* HALLEX I-2-3-15(D), 1993 WL 642999. There is no equivalent to expert disclosures as one sees in the litigation context, so the suggestion that this situation constitutes trial by ambush is unsupportable. *Compare id. with* Fed. R. Civ. P. 26(a)(2); *see also Bayliss v. Barnhart*, 427 F.3d 1211, 1218 n.4 (9th Cir. 2005) (noting that neither Fed. R. Ev. 702 nor the requirements for the admissibility of expert testimony under *Daubert v. Merrell Dow Pharm., Inc.*, 509 U.S. 579 (1993), apply to the admission of evidence in Social Security administrative proceedings); *Brault v. Soc. Sec. Admin., Com'r*, 683 F.3d 443, 446 n.2 (2d Cir. 2012) (same).

Perhaps most important, Plaintiff, by and through counsel, had a meaningful opportunity to cross-examine the expert. *See Chandler v. Comm'r of Soc. Sec.*, 124 F. App'x 355, 359 (6th Cir. 2005). Plaintiff protests that his attorney needed to fully research the medical expert's qualifications (Pl. Br. 3), but that was the first question the ALJ asked Dr. Schosheim, who responded that he was a Board-certified orthopedic surgeon (Tr. 84), which Plaintiff does not suggest was untrue. In fact, given the opportunity, Plaintiff's counsel never asked any follow-up questions about Dr. Schosheim's qualifications when given the opportunity (*see* Tr. 89-97). Even if there had been a

prejudicial violation of Plaintiff's due process rights, he waived it when his attorney explicitly stated that he was not objecting to the testimony of Dr. Schosheim (Tr. 81 ("I am not objecting to him.")). *See Deleon ex rel. J.D. v. Comm'r of Soc. Sec. Admin.*, No. 1:12-CV-1149, 2013 WL 3865106, at *12 (N.D. Ohio July 24, 2013) ("Since Plaintiff waived her opportunity to cross-examine, her attempt now to rely on a claimed inability to cross-examine Dr. Strassman to support her claim for reversal is unpersuasive and without merit.") (citing *Chandler*, 124 F. App'x. at 359 (finding no lack of due process where ALJ provided claimant an opportunity to submit his own interrogatories but claimant never did); *Chamberlain v. Shalala*, 47 F.3d 1489, 1496 (8th Cir. 1995) ("If the claimant's attorney fails to object to the post-hearing reports [or] remains silent when the opportunity to request cross-examination arises, the right to cross-examination is waived." (internal citations omitted))).

At the end of the day, while the HALLEX provided that Plaintiff and his representative should be informed that the ALJ intended to call a medical expert and be provided the medical expert's identity, the omission here did not render the administrative hearing unfair or incomplete because Plaintiff cannot show that he was prejudiced by that failure. Plaintiff's counsel was able to cross-examine the medical expert thoroughly at the hearing. Further, the medical expert's testimony was just

one piece of the evidence that the ALJ considered when he determined that Plaintiff had failed to meet the strict standard to establish disability under the Act. (*See* Tr. 24-28 (considering Dr. Schosheim's testimony, but also Plaintiff's treatment records and a prior medical expert's testimony in determining RFC; discounting the opinion of Plaintiff's treating nurse due not only to Dr. Schosheim's contrary opinion, but also because the nurse's opinion was not supported by later medical evidence and was inconsistent with Plaintiff's activity level).

On the record before the Court and in light of relevant case law, the ALJ's failure to notify Plaintiff or his counsel that a medical expert would testify at the hearing did not violate Plaintiff's right to due process, and the decision of the Commissioner is affirmed.

Accordingly, **IT IS ORDERED**:

(1) That the Commissioner's Motion for Summary Judgment [DE 12] is **GRANTED**;

(2) That Plaintiff's Motion for Summary Judgment [DE 10] is **DENIED**.

This the 6th day of April, 2018.



Signed By:

*Joseph M. Hood*

Senior U.S. District Judge